## MIDDLETON v. HOWELL

---

(June 6, 1927. Opinion and Decree.)
(July 5, 1927. Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Attachment—Par. 95, 96, 101.
The right of a defendant to move to dissolve a writ of attachment does not depend upon the seizure of property under it belonging to him. It is of no consequence that the only property seized under the attachment belongs to a third person. The right of plaintiff to resort to a writ of attachment is conditioned upon the allegation and proof of one of the grounds mentioned in the Code of Practice as entitling him to the writ. Whenever a defendant successfully challenges the truth of the allegations upon which the writ issued, the writ should be dissolved. whether any property of defendant or of any one else, is seized under it.

Appeal from Civil District Court, Div. "E." Hon. Wm. H. Byrnes, Judge.

Action by Mrs. G. W. Middleton against Floyd Howell.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Paul M. Maloney, of New Orleans, attorney for plaintiff, appellant.

Marx & Levy, W. O. Hart, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. This is an appeal from a judgment dissolving an attachment. The parties raised a number of questions which, happily, are not now in controversy. As plaintiff puts it, "the only point at issue in this case is the right of the lower court to refuse to maintain an attachment, where defendant disavows an interest in the property attached."

It seems that an automobile described as an "Overland Baby Grand Five Passenger Touring Car," was seized under the writ. The Overland Baby Grand was in defendant's possession, but under circumstances which admittedly conferred no title in defendant (a common law sale with retention of title effected in Mississippi). No other property was seized and plaintiff contends that in this situation defendant has no interest to move to dissolve the attachment.

Our brother below thought otherwise, as the following excerpt from his written reasons for judgment demonstrates.

"The Court believes that it is not necessary to determine the question of ownership of property seized under the writ in order to decide whether or not writ was properly issued. The writ itself and the release of property seized under it are separate and distinct propositions. A writ may be set aside even though no property was seized. As long as the writ stands in full force and effect, additional property. if this debtor possess any, may be seized. Hence the debtor has always an interest in dissolving the writ. If property has ben seized under the writ, no matter to whom it belongs, the effect of dissolving the writ is to release the property."

Attachments are dissolved because the allegations upon which they issue are found to be untrue, or unproven when put at issue by the rule to dissolve. We are referred to no decision in point by either side. However, the proposition seems so clear to us that we deem it unnecessary to conduct an independent examination of our jurisprudence.

It is quite unnecessary that any property of a defendant in attachment proceedings be seized in order to confer the privilege of having the attachment dissolved by successfully challenging the truth of the allegations of plaintiff upon which alone the writ issued. An attachment is a dragnet, which authorizes the Sheriff as long as the writ is in his hands to seize upon any property of defendant (statutory exemptions of course excepted). The test of the propriety of the issuance of the writ is not the seizure of property of defendant, vel non, but the truth or falsity of the allegations made by plaintiff as grounds for its issuance.

The judgment appealed from is affirmed.